(139 App. Div. 597.)

SARTIRANA v. NEW YORK COUNTY NAT. BANK et al.

(Supreme Court, Appellate Division, First Department.    July 7, 1910.)

1. MASTER AND SERVANT (§ 316*)—INJURIES TO THIRD PERSONS—INDEPEND-
ENT CONTRACTORS—SUBCONTRACTORS.

Where the owner of land employed a contractor to erect a bank build-
ing, and the contractor employed subcontractors to set the stone, the work
to be done being no more dangerous than the construction of a building
along a public street usually is, the subcontractors were independent con-
tractors, for the negligence of whose servants the owner is not liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
1243, 1246, 1249; Dec. Dig. § 316.*]

2. MASTER AND SERVANT (§ 316*)—INJURIES TO THIRD PERSONS—INDEPEND-
ENT CONTRACTORS.

A building contractor who employed subcontractors to set stone, the
work not being intrinsically dangerous, is not liable for negligence of
the servants of the subcontractors, they being independent contractors.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1242,
1243; Dec. Dig. § 316.*]

3. MASTER AND SERVANT (§ 302*)—INJURIES TO THIRD PERSONS—SCOPE OF EM-
PLOYMENT.

Where subcontractors employed to set the stone work of a building had
a derrick erected, which was constantly in use and under the control of
the subcontractors' servants, the fact that they were lowering material
for an employé of the principal contractor when the negligence of the
servants caused an injury to plaintiff, does not relieve the subcontractors
of liability, the acts of the servants being within the scope of their au-
thority.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
1218, 1219; Dec. Dig. § 302.*]

Appeal from Trial Term, New York County.

Action by Angelino Sartirana against New York County National
Bank and another.    From a judgment dismissing the complaint at
the close of plaintiff's case as to the defendant bank, and from judg-
ment on a verdict for defendants Alexander Dickson and another,
and from an order denying a new trial as to all the defendants, plain-
tiff appeals.    Affirmed in part, and reversed in part.

Argued before INGRAHAM, P. J., and McLAUGHLIN,
CLARKE, SCOTT, and MILLER, JJ.

Nelson Zabriskie, for appellant.

Frank V. Johnson, for respondents New York County Nat. Bank
and James S. Herrman.

Carl S. Petrasch, for respondents Dickson and Turnbull.

McLAUGHLIN, J.    Action to recover damages for personal in-
juries.    There is little or no dispute as to the material facts involved.
The New York County National Bank was the owner of certain
premises on the southwest corner of Fourteenth street and Eighth
avenue in the city of New York, upon which, at the time the plaintiff
was injured, there was a bank building in the course of construction.
The bank had engaged the defendant Herrman to construct the build-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing, and he had sublet various portions of the work, contracting with Barr, Thaw & Fraser Company to furnish and set the exterior stone. The latter company had in turn contracted with the defendants Dickson and Turnbull to set the stone, and they had installed upon the roof of the building a derrick or hoist operating a platform some four feet square for the purpose of hoisting the stone from the street. Power was supplied by an engine in charge of one Robertson, and the movements of the platform were directed by one Peterson, who gave the necessary signals to the engineer by means of a whistle. Another employé, one Hansen, helped to control the lateral movements of the platform from the street by means of a guide line. The entire apparatus was owned by Dickson & Turnbull and the men operating it were their employés.

On the 29th of May, 1907, the plaintiff, while walking along the sidewalk on the Fourteenth street side of the building, was struck on the head by a corner of the platform, or a bolt projecting from it, as it was being lowered from the top of the building to the street. He was seriously injured and brought this action to recover the damages sustained. The court dismissed the complaint as to the defendant bank and Herrman at the close of plaintiff's case, and the jury rendered a verdict in favor of the other defendants, Dickson & Turnbull, and from the judgment and from orders denying motions for a new trial as to all of the defendants, the plaintiff appeals.

It appears that the derrick had been in operation for about a year and the stone work on the Fourteenth street side of the building had been practically completed. On the Eighth avenue side a platform had been erected over the sidewalk, but there was none on Fourteenth street, nor were there any notices posted warning pedestrians of danger. At the time of the accident, Peterson was standing on the northerly end of the Eighth avenue platform over the sidewalk, and Hansen was on the sidewalk on Fourteenth street with his back to the west, the direction from which the plaintiff was walking. Apparently neither of them saw the plaintiff approaching, at least nothing was done to prevent the accident until the plaintiff was almost under the descending platform, when Hansen shouted to him and Peterson blew his whistle, stopping the platform before it reached the sidewalk, but not in time to prevent its hitting the plaintiff. The immediate cause of the accident was, therefore, the negligence of these two men, and since they were concededly in the employ of Dickson & Turnbull, I am of the opinion that the complaint was properly dismissed as to the other defendants. Just what the relation between the bank and Herrman was is not entirely clear, but in any event Dickson & Turnbull were independent contractors, for the negligence of whose servants neither the bank nor Herrman were liable. Hexamer v. Webb, 101 N. Y. 377, 4 N. E. 755, 54 Am. Rep. 703; Engel v. Eureka Club, 137 N. Y. 100, 32 N. E. 1052, 33 Am. St. Rep. 692; Burke v. Ireland, 166 N. Y. 305, 59 N. E. 914. The case, so far as the bank and Herrman are concerned, cannot be brought within any of the exceptions to this rule. The work to be done here was no more intrinsically dangerous than the construction of a building along

a public street usually is. The rule laid down by Haight, J., in his dissenting opinion in Wolf v. American Tract Society, 164 N. Y. 30, 58 N. E. 31, 51 L. R. A. 241, cited by the appellant, is really an authority against his claim. In discussing the liability of an owner in such cases, the learned judge said:

"In some instances he may be required to give notice of the danger by signs or barricades, and in others he may be required to erect covers over the sidewalks sufficiently strong to protect the people passing thereon from falling objects, when he has contracted to have the building constructed for him, ordinarily all of these duties devolve upon the contractor, but there are exceptions to this rule."

But the present case is not exceptional in any way. The building was not of extraordinary height or at all out of the ordinary, so far as exterior construction was concerned, and unless the owner is in every case bound to guard against possible injuries to passers-by, which is not the law, the bank could not be held·liable for the negligence of a contractor.

The same rule applies to the defendant Herrman. The setting of the exterior stonework was not, in itself, intrinsically dangerous, and this work he had engaged an independent contractor, whose competency is not questioned, to perform. Not only this, but the accident was caused by the operation of the hoist on the outside of the building, and this was not shown to have been necessary for the performance of the work.

As regards the defendants Dickson & Turnbull, a different principle applies, and I am of the opinion that the court erred in instructing the jury as to their liability. It appeared that when the accident occurred there were upon the platform some barrels of rubbish which Peterson had undertaken to lower to the street at the request of one Munes, who was an employé of Herrman. The court held that this was no part of the work for which Peterson was employed by Dickson & Turnbull, and charged the jury, in substance, that unless they found that the platform would have been lowered at this time anyway, in the course of the work, they should find a verdict for the defendants and expressly charged that if "the sole purpose of Peterson in lowering the platform was to lower the barrels, you will find a verdict in favor of the defendants." This, it seems to me, was not a correct statement of the law. A master is, of course, not liable for the acts of his servants outside the scope of their employment, but the evidence in the present case does not justify a finding that Peterson was acting outside the scope of his employment in lowering the platform. The derrick had been installed by Dickson & Turnbull, and the men who were operating it were employed by them for that purpose. The derrick was continually in operation; as Dickson himself testified, "there was always something going up and coming down." It was not only used to hoist the stone and other materials, but also to lower materials from the top of the building. Having installed the derrick on the top of the building and assumed to regulate its operation, including the lowering of the platform to the sidewalk, it is of little or no importance what was on the platform

or who put it there at the time the accident occurred, because they were bound to see to it that in lowering the platform a person lawfully using the sidewalk was not injured. In this connection, it is to be noted that the derrick had frequently been used before to lower materials for other parties, and it would seem from Dickson's testimony that he knew it.

For the foregoing reasons, I am of the opinion that the judgment and order appealed from, so far as the same relate to the bank and Herrman, should be affirmed, with costs, and that the judgment and order, in so far as they relate to Dickson & Turnbull, should be reversed, and a new trial ordered as to them, with costs to the appellant to abide the event. All concur.